## Robinson and Wife *versus* Glancy *et al.*

1. An order of sale in the Orphans' Court is not a definitive decree from which appeal lies.
2. It is not error to regard such appeal as a nullity.
3. An appeal lies only to the decree confirming the sale.
4. The pendency of an appeal from an order of sale does not invalidate a sale regularly confirmed made in the mean time.
5. Robinson's Appeal, 12 P. F. Smith 213, affirmed.

May 10th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Cumberland county:* No. 61, to May Term 1871.

Ejectment, in which Margaret Glancy and Esther Glancy were plaintiffs, and Lewis Robinson and Ellen his wife were defendants.

[Robinson *v.* Glancy.]

This was a case stated in which the following facts appeared :—

William Glancy died intestate, leaving a widow Elizabeth, since dead, and four children, to wit : Elizabeth, married to Adam Peffer, Hester Glancy and Margaret Glancy, and Ellen, now married to Lewis Robinson. At the time of his death William Glancy was seised of a house and lot in the borough of Carlisle. Mrs. Peffer and her husband resided in the county, near Carlisle ; and Hester, Margaret and Ellen, after their father's death, continued to reside on the property above mentioned; in 1865, Ellen married Lewis Robinson, who in a few months also resided in the house with her.

On the 21st of August 1866, Mrs. Elizabeth Peffer, with her husband, presented their petition to the Orphans' Court of Cumberland county, setting forth the facts, and prayed the court as the parties in interest could not agree, &c., &c., to award an inquest to make partition, &c. On the 21st of August 1866, inquest was awarded.

An inquisition was held on the 20th day of October 1866, and it was returned that the property could not be divided without prejudice, &c., and "that the lands, &c., mentioned in said suit, will accommodate one of the heirs of the said decedent," &c.

No exceptions were filed, and on the 23d of October 1866, the inquest was confirmed, and a rule granted on the parties in interest to appear and take, or refuse to take, or show cause why the property should not be sold.

To this rule Lewis Robinson and wife filed an answer, setting forth, that no administration was taken out in the estate of the decedent, but it was agreed, between all the daughters, that the three who were unmarried at the time should go on, pay all demands against the deceased, all taxes and repairs, and that they should hold the property jointly together, for the lives of the three and the lives of the survivors. That in pursuance of this, Ellen did pay, labored and exerted herself, holds the receipts, and supported the family in a great measure ; and prayed the court to dismiss the proceedings, &c.

A. Peffer, Elizabeth Peffer, Margaret Glancy and Esther Glancy, filed their replication, denying that it was agreed that the three sisters should hold the property as stated in the answer, and averring that while said three sisters lived together the taxes and repairs were paid by the joint contributions of Hetty, Margaret and Ellen. On this answer and replication, the case was put down for argument, and on the 1st day of March 1867, the parties filed an agreement " that they will immediately make arrangements for an amicable and equal division of the personal property ; and if they cannot agree amongst themselves in said division, William M. Penrose and W. H. Miller, Esqs., shall select three persons who shall make said division."

[Robinson v. Glancy.]

" And it is further agreed, that all objections to the proceedings in partition, shall be withdrawn. That the same shall be held under advisement, all parties agreeing that neither of them will take said property at the valuation, and that the rule to take, &c., shall be considered as answered to that extent. The matter shall thus lie over until the Orphans' Court, succeeding the regular term in November next, when if said parties find that they cannot live agreeably together, the court shall grant an order to sell the premises at public sale, on the application of either of them."

On the 17th December 1867, Margaret and Esther Glancy petitioned the court, averring their inability to live agreeably with Louis Robinson and Ellen his wife, and prayed the court to grant an order to Augustus A. Line, the administrator of said William Glancy, to sell said house and lot. The court issued the order as prayed for; on the 17th of March 1868, the said administrator returned that, " he did not sell on said order, because on the 23d of December 1867, Louis Robinson and Ellen his wife, in right of said Ellen, appealed from the order of the court, to the Supreme Court." On the 20th of May 1868, the Supreme Court affirmed the order of the Orphans' Court and then dismissed the appeal.

On September 1st 1868, the court, upon petition, issued an alias order of sale; on the 20th of October, the administrator returned, " that he declined executing said order; that he finds he cannot do it without incurring the ill-will of Louis Robinson and wife, and he has been induced to refuse executing said order. He therefore declines having anything further to do with it."

On the same day the court, upon petition of Margaret and Esther Glancy, issued an order to Joseph C. Thompson, who was sheriff, as trustee under the 44th section of the Act of February 24th 1834 (Pamph. L. 81, Purd. 298, pl. 154), to sell the real estate.

The sheriff and the plaintiff's counsel were immediately notified that Robinson and wife had appealed from the decree ordering the sale; the property was exposed to sale on the 28th of November 1868, at which time the following notice was read on behalf of Robinson and wife.

" In the matter of the sale of the house and lot of ground on Hanover street, in the borough of Carlisle, proposed to be sold under proceedings in partition, in the estate of William Glancy, deceased.

" All persons are hereby notified, that an appeal has been taken from the proceedings of the Orphans' Court, of the county of Cumberland, in the matter of the above proceedings, in partition on the estate of the said William Glancy, deceased, and that all right to expose said property to public sale at the present time is, by reason of the said appeal, taken away and gone. Any per-

son, therefore, who purchases the said property at the sale this day made by the sheriff as trustee, will not be allowed to take possession, nor acquire any title under such sale, but his right will be contested and disputed as being null and void by

ELLEN ROBINSON.<br>LEWIS ROBINSON.

" Carlisle, Pa., Nov. 28th 1868."

The property was sold to Margaret and Esther Glancy. This sale was, on the 16th December 1868, confirmed without exceptions, and a deed duly acknowledged from the sheriff delivered to the purchasers. On the 24th of May 1869, the Supreme Court dismissed the second appeal of Robinson and wife (12 P. F. S. 213).

This ejectment was then brought to recover possession of one-half of the house and lot.

The court entered judgment on the case stated for the plaintiffs for the property described, and for \$143.75, damages for wrongful detention.

The defendant removed the case to the Supreme Court, and assigned for error the entry of judgment for the plaintiff.

*W. M. Penrose* (with whom was *A. B. Sharpe*), for plaintiff in error, cited Act of March 29th 1832, Purd. 769, pl. 49; Stewart's Appeal, 6 P. F. Smith 241; Sheppard *v.* Gibson, Leg. Int. May 6th 1870; Anon., 12 Mod. 384.

*W. H. Miller* (with whom was *H. Newsham*), cited Robinson's Appeal, 12 P. F. Smith 213.

The opinion of the court was delivered, October 9th 1871, by

THOMPSON, C. J.—The only question on this record prescribed by the case stated in the court below, is whether the title of the defendants in error ought in this ejectment to have been regarded as null by the court, because it was acquired on a sale upon an order of the Orphans' Court, based upon a preceding decree of sale by the court in partition, while an appeal from the order was pending in the Supreme Court. There had been an appeal from the decree of sale by the plaintiff in error and it had been affirmed by this court. There were after that two successive orders of sale, both of which were appealed from and dismissed in this court. During the proceedings of the last appeal the sale was made, and an appeal taken to the confirmation of the sale. This was also affirmed in this court: Robinson's Appeal, 12 P. F. Smith 213. In that case my brother Agnew disposes of the question of the case in hand very satisfactorily, even if we here pass by the effect of the confirmation of the sale under which the defendants hold

[Robinson *v.* Glancy.]

title. He shows that the order of sale granted by the Orphans' Court is not a definitive decree, from which an appeal lies. It only lies to the decree confirming the sale upon the order. This is obvious, otherwise there might be two appeals on every order. One on its being granted, and the other on confirmation of the sale. This would never do. Indeed a sale might be altogether prevented, simply by appealing from orders as often as one should be granted, and holding that nothing could be done until the appeal should be heard and determined, at which time it would generally have ceased to be effectual by lapse of time. Such an appeal does not lie, however, as decided in the above-mentioned case; and although taken, it was not error to regard it as a nullity, as the learned judge did below in his decision. He decided rightly, when he held that the pendency of the appeal taken from the order of sale, did not invalidate the sale made in the meantime, and regularly confirmed by the Orphans' Court.

Judgment affirmed.