## Stockdale *v.* Maginn.

*Partnership—Liquidating partner—Compensation.*

The services of a partner in liquidation cannot be compensated for out of the partnership fund unless a contract be proven.

Where a salaried cashier of a banking partnership in which he is a partner, continues work after the partnership becomes insolvent, without any agreement as to compensation, he cannot claim salary for services rendered after the insolvency.

*Auditors—Compensation—Appeals.*

The appellate court will not review the discretion of the lower court in allowing a certain sum for compensation to an auditor, on the ground that such compensation was excessive, where it has nothing further to go on than a mere inspection of the auditor's work as disclosed by the printed paper-books.

Argued Oct. 27, 1903.    Appeals, Nos. 63, Oct. T., 1902, and 25, Oct. T., 1903, by Sidney F. Murphy, administrator d. b. n. of George W. Murphy, deceased, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1880, No. 150, dismissing exceptions to auditors, report in case of J. T. Stockdale, Trustee, v. Michael Maginn et al.    Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Exceptions to auditors' report.

The opinion of the Supreme Court states the case.

*Errors assigned* were in overruling exceptions to auditors' report.

*Henry A. Davis*, with him *William M. Galbraith*, for appellant.

*B. C. Christy*, with him *Craig Smith*, for appellees.

PER CURIAM, November 9, 1903:

A careful examination of the necessarily voluminous report of the auditor in the court below fails to satisfy us that he fell into error in the two particulars complained of by appellant. The salary of the cashier, for years, had been fixed by the

banking partnership, when the latter became insolvent; the cashier did not stop work with the insolvency but continued for a year and a half longer; he was not discharged nor was he re-elected; both auditors disallowed the claim; the cashier was a partner. The text books and authorities are uniform, that the services of a partner in liquidation cannot be compensated for out of the fund unless a contract be proven. No contract was alleged. The auditor followed the law and disallowed the compensation. In this there was no error.

As to the second error alleged, that the compensation allowed the first auditor was excessive, in view of the sum allowed, apparently it is large, but it may not be more than the services warranted. It is difficult for us on a mere inspection of the work as disclosed by these printed paper-books to arrive at a satisfactory conclusion. The learned court below who had far better opportunity than we, for forming a correct judgment deemed the compensation a just one. We will not disturb its decree. All the assignments of error are overruled and the decree is affirmed.