# Hilliard *v.* Sterlingworth Railway Supply Company.

*Receivers—Accounts—Exceptions—Vouching account.*

1. An order refusing a request that the accounts of a receiver be vouched by the court, will not be reversed where it appears that the account contained hundreds of items, and that although warned by the court to file specific exceptions, the exceptants had only filed an exception of a general character.

2. Exceptions to the payment of compensation to persons employed by a receiver will not be sustained where it appears that the person employed was so employed by an order of court from which no appeal was taken, and that the compensation was not improper.

3. An exception to the account of a receiver raising questions as to the propriety of sales made by him, will not be sustained where it appears that such sales had been made by order of court and thereafter confirmed without any appeal taken from the decree confirming the sale.

4. Exceptions to an allowance claimed by a receiver as counsel fees and for his own compensation will not be sustained where no abuse of discretion in the court below is shown.

5. Where a receiver has purchased the property of the trust estate by leave of court, and after the sale to him has been confirmed, operated it on his own account and afterwards organized a corporation for that purpose, no question can be raised at the

audit of his account as to his conduct of the business after the sale of the property to him had been confirmed.

*Appeals—Assignments of error—Decrees.*

6. An assignment of error to an order or decree, without quoting the order or decree of which complaint is made, is incomplete, and will not be considered.

Argued March 4, 1912. Appeals, Nos. 283 and 284, Jan. T., 1911, by defendant, from decree of C. P. Northampton Co., April T., 1907, No. 1, dismissing exceptions to account of receiver in case of Clinton Hilliard, et al., v. Sterlingworth Railway Supply Co. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to accounts of William J. Kuebler, Receiver of Sterlingworth Railway Supply Co.

The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to account of receiver.

*John G. Johnson,* with him *Bernard Gilpin,* for appellants.—It is submitted that this case should be sent back to the court below that the questions of surcharge may be heard and determined in an orderly way and that the receiver may produce the vouchers showing the disposition of the moneys of the corporation defendant in his hands for the law holds "him strictly responsible for property placed in his hands and imposes upon him the duty of fully accounting for it": Pangburn v. American Vault, Safe & Lock Co., 205 Pa. 93.

*H. J. Steele,* with him *F. W. Edgar,* for appellee.— After a receiver has followed in good faith the orders of the court, it is submitted that the propriety of such orders and expenditures thereunder cannot now be questioned: Palmer v. Truby, 136 Pa. 556; Gillespie v. Blair

Glass Co., 189 Pa. 50; Woolsey v. Cummings Car Works, 33 N. J. Eq. 432.

Exceptions to receivers' accounts must distinctly specify the matters to which objection is taken: Felton v. Felton, 47 W. Va. 27 (34 S. E. Repr. 753); Strauss v. Casey Machine & Supply Co., 69 N. J. Eq. 19 (60 Atl. Repr. 402); Greeley v. Provident Savings Bank, 103 Mo. 212 (15 S. W. Repr. 429); Parker's App., 61 Pa. 478.

It is not necessary in all cases that the court hear evidence as to the amount of compensation to be allowed a receiver, as counsel fees: Welch v. Renshaw, 14 Colo. App. 526 (59 Pac. Repr. 967); Stuart v. Boulware, 133 U. S. 78 (10 Superior Ct. Repr. 242); Trustees v. Greenough, 105 U. S. 527.

OPINION BY MR. JUSTICE POTTER, April 15, 1912:

The accounts of William J. Kuebler as Receiver of the Sterlingworth Railway Supply Company were filed in the Court of Common Pleas of Northampton County. Exceptions were filed thereto, by Frank W. Coolbaugh, a creditor, and by Edward Van Orden, Trustee in Bankruptcy of the Supply Company. The exceptions were dismissed and the accounts were confirmed. Both of the exceptants have appealed from the decree. The assignments of error are identical in each appeal, and the appeals were argued as one, and both will be disposed of in this opinion.

Counsel for appellee filed a motion to quash these appeals, upon the ground of informality in several respects. The final decree of the court below is not assigned for error, nor were the opinions of the court below printed, or presented by appellants, when the appeals were argued in this court. Assignments of error to orders and decrees have been made, without quoting the order or decree of which complaint is made. Such assignments are incomplete, and should not be considered: Cessna's Est., 192 Pa. 14. The motion to

quash might very properly be sustained. But of the fourteen assignments of error filed, only one was pressed at the argument, or supported in the printed brief. That was the fourteenth, which alleged error in the refusal of a request that the accounts of the receiver be vouched by the court. In denying this request the court referred to the reasons for its action set forth at length in its opinion filed April 11, 1911. He there said, "We have carefully examined these accounts. If there was anything the matter with the accounts, it would have been easy for the exceptant to indicate it. We will not require an accountant to bring all his books and vouchers before the court on a general exception." This position was well taken. The requirement that an exceptant should specify wherein an account is wrong, instead of relying upon a general objection, is so reasonable that it needs no argument in its support Aside from this by a previous order, the court below had warned exceptants that the exceptions to the accounts of the receiver must be specific, and not general, and must be filed in writing, verified by affidavit. The record shows that the receiver filed three accounts; one covering the period from the date of his appointment, February 12, 1907, to April 1, 1908. A supplemental account brought it down to May 1, 1908, and the final account covered the period from May 1, 1908, to February 23, 1911. These accounts contained hundreds of items, of the receipts and expenditures in the ordinary routine of the business as conducted by the receiver. Apparently the entries were made as a matter of clerical routine by those in charge of the accounts, and it was asking but little of the exceptants to point out any items deemed objectionable, among so many which presumably were correct. The final account was filed February 27, 1911. The case was set down for hearing on March 27, upon motion for the absolute confirmation of the three accounts and final report of the receiver, and for his discharge. On March 18, 1911,

exceptions were filed to the accounts by each of the
present appellants, being the same in each case, and
on March 27, argument was had on these exceptions.
On April 11, the court made an order dismissing the
exceptions other than the first, ninth, tenth and
eleventh, which were reserved for further hearing. On
April 24, a hearing was had on the reserved exceptions,
and testimony taken. It was not until after this date
that exceptants filed a paper requesting that the ac-
counts be vouched by the court. Under the circum-
stances, and in the absence of any specific exception to
any item of the accounts, we think that the court below
very properly exercised its discretion in refusing to
reopen the case and require the production of the mass
of vouchers, which would have been required to meet
the general request of exceptants for the vouching of
all the items. In its opinion of April 11, 1911, the
court below points out that it had given notice that any
questions legitimately arising as to the surcharge of
the receiver, and as to the propriety of any of the
credits claimed by him, would be considered upon ex-
ceptions to the accounts, filed with definite specifica-
tions in accordance with the rules of court. If appel-
lants had any meritorious objections to make to the
accounts, they were at liberty to present them in the
proper way. They apparently did not see fit to do so.
We are satisfied that the fourteenth assignment, which
is the only one which was pressed upon the oral argu-
ment, is without merit. While the other assignments
of error were not urged in the argument, they were not
formally abandoned, and they have therefore been care-
fully examined.

The first assignment is to the dismissal of an excep-
tion to the payment of salary to the general manager
employed by the receiver. He was employed by an
order of court made March 23, 1907, to which there was
no exception, nor was there any appeal taken there-
from. It is not contended that the salary paid to him

was excessive or more than his services were worth. The second assignment alleges error in dismissing an exception to the purchase by the receiver of the real estate and plant of the company. Express permission was given by the court to the receiver to bid at the sale. Exceptions to the sale were filed May 24, 1909, by Van Orden, trustee, one of the appellants, and these exceptions were dismissed, and the sale confirmed absolutely. No appeal was taken from the decree confirming the sale. The third and fourth assignments allege error in dismissing exceptions relating to the sale by the receiver of machinery, tools, etc., for less than the alleged value thereof. It was asked that the receiver be surcharged upon that account, and objection was also made to the credit claimed for the payment of the purchase money to the receiver individually on account of the mortgage which he held upon the property sold. The sale for the price received and the application of the purchase money to the mortgage were both expressly authorized by order of the court made November 9, 1907. Subsequently, the court granted, and afterwards discharged, a rule to show cause why the order of sale should not be vacated and set aside. No appeal was taken from this order. The fifth, sixth, and seventh assignments allege error in dismissing exceptions requesting that the receiver should be charged with the value of certain patent rights, furniture and fixtures, patterns, etc. These were sold under an order of sale of September 24, 1908, and the sale was afterwards confirmed, and no appeal was taken from the decree of confirmation. The eighth assignment alleges error in dismissing the eighth exception, which asked that the receiver be surcharged with the amount of certain receiver's certificates used for the payment of claims of creditors, which had matured prior to the receivership. Appellants pointed out nothing in the accounts upon which this particular exception was based. The ninth and tenth assignments allege error in dismissing

the ninth and tenth exceptions to the allowance claimed by the receiver for counsel fees and for his own compensation. Appellants do not show that there was any abuse of the discretion which is vested in the court below in such matters, nor did they offer any evidence to overcome the presumption that the allowance made by the court below was proper. The eleventh assignment alleges error in dismissing the eleventh exception, to the payment of the compensation of one of the skilled mechanics employed by the receiver in conducting the business. There was testimony that the services rendered by this employee were both necessary and profitable, and that the compensation was reasonable There was no testimony to the contrary. The twelfth and thirteenth assignments of error are to the exclusion of offers of testimony made by appellants on the final hearing. The first offer was to show that the receiver, after he had purchased the plant of the company by leave of the court, and after the sale to him had been confirmed, operated on his own account, and afterwards organized a corporation for that purpose. Any evidence as to his conduct of the business thereafter was entirely irrelevant to the inquiry. The second offer of evidence was to show that the manager employed by the receiver had been paid for services in matters not included in the accounts. No credit for any such payment was claimed in the accounts, and this offer was therefore irrelevant, and was properly excluded.

A number of the exceptions above considered related to sales of the property of the company made under the order of the court, and afterwards confirmed by it. No appeals were taken from such decrees of confirmation. A decree confirming a sale made under an order of court is a definitive decree from which an appeal will lie: Robinson v. Glancy, 69 Pa. 89; Snodgrass's App., 96 Pa. 420; Titusville Oil Exchange's Dissolution, 10 Pa. Superior Ct. 496. The questions sought to be raised con-

cerning these sales were therefore res adjudicata, and the exceptions were properly overruled.

The specifications of error are all dismissed, and the decree of the court below is affirmed.