# Commonwealth et al. *v.* Traders & Mechanics Bank of Pittsburgh.

*Receivers—Counsel fee—Commissions—Findings of lower court —Evidence—Discretion—Review.*

1. While a lower court has discretion as to compensation of a trustee, such as a receiver, yet in adjusting the same, it cannot arbitrarily and without reason ignore the undisputed evidence and the findings thereon; nor can an appellate court.

2. The allowance of compensation to a receiver is largely a matter for the court whose officer he is, and with which an appellate court will interfere only to correct an abuse of discretion, or manifest error.

3. An allowance of five per cent commissions will be sustained, for the amount covered by the last two accounts, where it appears that the assets were large and varied, that the receivership extended over ten years, that six accounts were filed, that the bulk of the estate passed through the first four accounts, and the receiver was allowed thereon a flat commission of five per cent without objection, that for the period covering the last two accounts the collections were difficult and the percentage of expense thereof much greater than during the earlier period, and that the trust was faithfully executed by the receiver.

4. A receiver and his counsel cannot be denied all compensation because they do not submit a detailed account setting forth each separate item, where the findings of the auditors, based on ample evidence, fully set forth the nature, extent and value of the services rendered.

*Auditors—Compensation—Discretion of lower court—Review.*

5. An appellate court will not review the discretion of the lower court in fixing an auditor's compensation, where there is nothing further to go on than a mere inspection of the auditor's work as disclosed by the paper-books.

*Appeals—Assignments of error—Exceptions—Failure to quote decree.*

6. An assignment of error to the dismissal of an exception in equity, which fails to quote the action or decree of the court, is not in proper form.

Argued October 7, 1920.  Appeal, No. 8, May T., 1920, by Samuel H. Putnam, a creditor, from decree of C. P.

Dauphin Co., Commonwealth Docket 1908, No. 23, in case of Commonwealth et al. and M. Hampton Todd, Attorney General, v. Traders & Mechanics Bank of Pittsburgh. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for appointment of receiver.

Exceptions to auditors' report. Before McCARRELL, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Samuel H. Putnam, a creditor, appealed.

*Errors assigned* were (1-8) dismissal of exceptions, quoting exceptions without quoting decree; (9) final decree, quoting it.

*S. W. Swabey,* pro hac vice, with him *Douglass D. Storey* and *Calvert, Thompson & Wilson,* for appellant, cited: Schwartz v. Keystone Oil Co., 153 Pa. 283; Com. v. Bank, 239 Pa. 254, 257.

*Clarence Burleigh,* with him *William A. Challener,* for appellee.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

This appeal is from the confirmation of an auditors' report. The Traders and Mechanics Bank of Pittsburgh, Pa., became insolvent and in February, 1908, Charles F. Kirschler was appointed its receiver, and as such gave bond in $400,000. He proceeded to collect the assets and, from time to time, filed partial accounts, the first four of which were confirmed without exception and in each case distribution was made to the creditors. His fifth partial account was filed in 1915, and to it appellant, who had become the owner of a large amount of claims against the bank, filed exceptions. The court

appointed two members of the bar as auditors to pass upon the exceptions and make distribution. The investigation took a wide range requiring many hearings by the auditors, both at Harrisburg, where the accounts were filed, and in Pittsburgh where the bank was located and the receiver resided. In 1918, before the auditors had finally concluded their labors, the receiver filed a sixth and final account; to which appellant also filed exceptions. This account and the exceptions were also referred to the same auditors, who, in December, 1919, submitted a report, embracing both accounts, dismissing appellant's exceptions and making distribution. The exceptions were renewed before the Dauphin County Court, where a final decree was made overruling the same and confirming the report; from which the exceptant brought this appeal.

The principal complaint is as to the amount paid for legal services, the commissions of the receiver and the compensation allowed the auditors. The first eight of the nine assignments of error are not in proper form as they fail to quote the decree complained of (Pfaff v. Bacon, 249 Pa. 297; Ridgway v. Phila. & R. Ry. Co., 244 Pa. 282; Hilliard v. Sterlingworth Ry. Supply Co., 236 Pa. 82) ; but, even considering them, there is nothing in the record upon which to base a reversal of the decree. The law firm of Burleigh & Challener, of Pittsburgh, did a large amount of important legal work for the receiver, covering a period of seven years, and the auditors, approved by the court below, found the $14,000 paid them therefor was fair and reasonable. This is supported by all the evidence and disproved by none. The same is true as to the amount paid John Fox Weiss, Esq., of Harrisburg, for legal services performed in that county. While the lower court has discretion as to the compensation allowed the counsel of a trustee, yet, in adjusting the same, it cannot arbitrarily and without reason ignore the undisputed evidence (Moore's Estate (No. 1),

228 Pa. 516), and the findings based thereon; nor can an appellate court. One thousand dollars was paid Thos. M. Marshall, Esq., as attorney for a Mr. Glass, in settlement of a suit, but not for services rendered the receiver.

The assets were large and varied and the receivership extended over a period exceeding ten years, during which the receiver seems to have faithfully executed his trust. In fact, the auditors find from the evidence that the trust was executed with zeal and success. The bulk of the estate passed through the first four accounts, and thereon the receiver was allowed a flat commission of five per cent without objection. The same rate was claimed by him and allowed by the auditors and court below, on the last two accounts. In the later years of the receivership the collections were more difficult and the percentage of expense thereof much greater; so the receiver at least earned five per cent of the trust funds passing through his hands during those years; and no other commissions are involved here. "The allowance to a receiver is largely a matter for the court whose officer he is, and with which an appellate court will interfere only to correct an abuse of discretion......Such a finding will not be reversed by an appellate court except on a clear proof of error": Traction M. Co. v. Pgh., M. & W. Ry. Co. (No. 1), 261 Pa. 153, 161; York Trust Co. v. Pullman Mfg. Co., 237 Pa. 261; Moore's Est., 211 Pa. 338.

The audits of these two accounts, including passing upon exceptions and making distribution, extended over a period of nearly four years and involved a large amount of work. The court below, who had better opportunity than we, allowed the sum of $7,600 as compensation for the two auditors. There is a presumption, not here rebutted, that the decision of the lower court is right: Scott v. Carl, 24 Pa. Superior Ct. 460, 462. Where there is nothing further to go on than a mere inspection of the auditor's work as disclosed by the printed paperbooks, an appellate court will not review the discretion

of the lower court in fixing the auditor's compensation: Stockdale v. Maginn, 207 Pa. 226.

It is earnestly contended for appellant that as neither the receiver nor his counsel submitted a detailed account, setting forth each separate item, they must be denied all compensation, notwithstanding the findings of the auditors, based on ample evidence, fully set forth the nature, extent and value of the services rendered. This contention cannot be sustained. The burden was upon the accountant to make proof of the disputed items for which he claimed credit. Then it became the duty of the auditors to find the facts and pass upon the exceptions. In so doing they could not reject a claim, clearly and amply proven, for lack of an itemized bill. In Com. ex rel. v. Monongahela Bank, 239 Pa. 254, where the accountant sought to sustain claims for fees and commissions upon lumping charges not supported by any finding based upon adequate proof, the decree was reversed and record remitted that specific findings upon adequate proof might be made as to the value of the services rendered. That case is not analogous to the present, for here we have both the proof and the findings.

The ninth assignment of error merely embraces the final decree and does not seem to require further discussion.

The assignments of error are overruled and the decree is affirmed at the costs of appellant.