First National Bank of Barnegat's Appeal.

Argued April 26, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Grover C. Ladner,* of *Ladner & Ladner,* for appellant.

*Geo. F. Baer Appel,* with him *Charles C. Townsend,* of *Townsend, Elliott & Munson,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, May 27, 1935:

These three appeals are from a decree of the court below in the matter of thirteen separate declarations of trust created by Charles B. Durburow and Louisa S. Durburow, his wife, between November 14, 1928, when the first was executed, and January 29, 1930, when the last was executed. Desiring to be relieved of the trusteeship, the trustees filed their accounts, to which exceptions were filed by the present appellant, based entirely upon the fact that it had a judgment against the two Durburows, upon which an attachment sur judgment was issued and served on the Provident Trust Company, trustee, on November 21, 1932, and that on August 29, 1934, they had filed a bill in equity against the trustees and others, asking that the conveyances in trust be set aside as in fraud of creditors. Nothing further was done in either proceeding after the dates above mentioned, and it will be noticed that each proceeding is subsequent in date to all of the trusts.

Appellant, to each of the accounts filed by the trustees, filed 17 exceptions. The court below thereupon fixed a time for producing evidence in relation thereto. Appellant and the trustees appeared at the time fixed, and, before one of the judges sitting as a chancellor, produced all the evidence they desired. No question was raised then nor is one raised now regarding the admission or rejection of evidence. Later, the chancellor considered the matter at length, reported that in his opinion all the objections made to the accounts should be dismissed (although it is probably immaterial, we do not see how he could have done otherwise), and also that a decree should be entered confirming the accounts, relieving the accountants from the office of trustee of the various trusts and appointing another trustee in their place and stead. No

objection or exceptions were at any time filed by appellant, and in due course the report of the chancellor was confirmed, and a decree entered as reported by him. Nevertheless appellant took these three appeals. They must be dismissed, however, because each and all of the objections to the chancellor's findings and report have been waived.

It will be noticed that the proceedings are in equity, growing out of the declarations of trust, which always are equitable proceedings. As we have already stated, appellant filed no exceptions to the adjudication of the chancellor, which was, therefore, confirmed absolutely as of course, and the decree reported by him duly entered. Rule 69 of the Equity Rules provides that "exceptions [to the adjudication] may be filed by either party, which must cover all his objections to rulings on evidence, to the findings and conclusions of the chancellor, *to the decree nisi,* and to a failure or refusal to find any matter of fact or law substantially as requested . . . *Objections not covered by the exceptions filed shall be deemed waived, and shall not thereafter be made the subject of controversy, either in the trial court or on appeal,* unless, prior to final decree, upon cause shown, exceptions covering such matters are permitted to be filed nunc pro tunc." Again in Rule 70 it is said: *"If no exceptions are filed* [as was the case here] *all objections shall be deemed to have been waived, and the decree nisi shall be entered as the final decree, by the prothonotary, as of course."*

In each of the present appeals there are but two specifications of error. The first alleges error in dismissing all of appellant's 17 exceptions; and the second alleges error in "entering final decree confirming account of trustees [despite the 17 exceptions] in discharging the then present trustees, and in appointing a substituted trustee." Each of these assignments violates Rule 22 of the rules of this court, which provides that "Each error relied on must be specified particularly and by itself. If a

specification embraces more than one point, or refers to more than one bill of exceptions, or raises more than one distinct question, it may be disregarded."

The decree of the court below is affirmed and each appeal is dismissed at the cost of appellant.