## Wagner's Appeal.

Argued October 18, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Thomas W. Maher,* with him *Benjamin H. Renshaw, Jr.,* for appellant.

*Louis J. Goffman,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY RHODES, J., January 30, 1941:

The Northern Trust Company (herein called trustee) was appointed successor trustee by the court below on November 2, 1936, under the terms of a declaration of trust made by the Philadelphia Company for Guaranteeing Mortgages, by reason of the receivership of the latter company. At the request of a substantial number of certificate holders the trustee instituted foreclosure proceedings pursuant to the terms of the declaration of trust, which referred to a bond and mortgage in the principal sum of $200,000. These proceedings resulted in a sheriff's sale on June 6, 1938, at which the trustee was the successful bidder. On September 1, 1938, the trustee filed a petition suggesting the public sale of all trust assets so that the trust could be terminated, and the proceeds distributed to those entitled thereto. A hearing was held after notice to all holders of certificates, and a decree thereupon entered on October 10, 1938, which directed public sale of the trust assets. In pursuance thereof sale was held on November 28, 1938, and on December 2, 1938, the trustee filed its report of the sale and asked for confirmation thereof. After notice to all parties in interest, and after hearing, a decree was entered on December 5, 1938, confirming the sale. On May 22, 1939, the trustee filed its final account, together with its petition for distribution and discharge. After notice and hearing the account was confirmed on June 13, 1939, and pro rata distribution directed among all certificate holders with certain exceptions, with which we are not here concerned. It appears that notice of all these proceedings was given by advertisement and mail to all parties in interest, and proof thereof filed with the court.

On June 13, 1940, the trustee presented a petition asking leave, inter alia, to pay into court the sum of

$107.83 as the proportionate share of Mary E. Wagner, surviving trustee under the will of George A. Wagner, deceased, the holder of a $300 certificate, together with a prayer for the discharge of the petitioner as trustee under the trust upon compliance with the terms of the court's decree. An answer was filed to the petition by Mary E. Wagner, surviving trustee under the will of George A. Wagner, deceased, in which she averred that the property had been sold by the trustee for an inadequate price; that the value of the property was upwards of $100,000, whereas the final bid at the trustee's public sale was only $75,000. After hearing on petition and answer, the court, on June 26, 1940, entered a decree authorizing the trustee, upon failure of Mary E. Wagner to present certificate of interest for payment in accordance with the decree, to pay the fund awarded to her to the prothonotary of the court, and, upon filing of record proof of distribution in accordance with the terms of the schedule, discharging the trustee and relieving it of all further liability in the trust without further act of the court. From the decree, Mary E. Wagner, surviving trustee under the will of George A. Wagner, deceased, has appealed.

We are unable to find any merit in this appeal. It appears to be no more than a belated attempt to attack other decrees of the court of common pleas which, having been unappealed, become conclusive upon appellant.

Appellant's argument should have been directed to the court below in the support of exceptions to the trustee's report of public sale of the trust property on November 28, 1938, for $75,000, or, if she had some reason to complain of her pro rata share of the proceeds of sale, she should have filed exceptions to the trustee's final account, and presented the argument which is now set forth in her brief. Appellant took no action to show her disapproval of any of the proceedings until a year after the confirmation of trustee's final account and order of distribution, and then only after the

trustee filed its petition for leave to pay the moneys due her into court. Appellant and all other certificate holders were given notice of the presentation of trustee's petition for leave to sell the trust property, and of the date fixed by the court for hearing thereon. Appellant made no appearance and presented no objections. Notice was also given to appellant and all other parties in interest advising them of the date of the sale and the terms thereof. The unappealed decree directing the sale by the trustee was a conclusive adjudication of everything necessarily considered and determined in reaching the conclusion. *Myers et al. v. Crick*, 271 Pa. 399, 402, 114 A. 255; *Swartz v. Crum*, 110 Pa. Superior Ct. 102, 106, 167 A. 414. The trustee then filed its report of sale, and petitioned for confirmation, and, after notice to all parties in interest and hearing having been held thereon, the court confirmed the sale. Appellant filed no exceptions, and offered no objection as to the adequacy of the price bid for the trust property, or as to the confirmation thereof by the court. See *Maslowski's Estate*, 261 Pa. 484, 104 A. 675. Although appellant had notice of the filing of the trustee's account, she permitted it to be approved by the court and distribution directed without objection. The decree confirming the trustee's account was a definitive decree or judgment of the court of common pleas. *Moore's Appeal*, 10 Pa. 435, 436; *First National Bank of Barnegat's Appeal*, 318 Pa. 529, 179 A. 86. The trustee made distribution accordingly, but appellant refused to present her certificate and accept her pro rata share. She has persisted in this refusal, and, upon the presentation of the trustee's petition to pay the sum due her into court, she filed her answer raising only the question of adequacy of the sale price of the trust property.

Appellant's contention that her averment in the answer must be accepted as verity, in the absence of the taking of depositions or of evidence to overcome the same, is without merit, and the rule to which appellant

412

refers relating to petitions and answers is inapplicable. The court below properly held that appellant was precluded from raising a question in her answer to the trustee's petition to pay her money into court and for discharge, which she had ample opportunity to raise at the proper time, but failed to do. A court may take judicial notice of the decrees which it has previously made in pending proceedings. Moreover, in our judgment, the answer was unresponsive and the averment irrelevant. Hence the court below was not obliged to accept it as true unless overcome by sufficient evidence submitted in the form of depositions or otherwise. The rule stated in *Northampton Brewery Corp. v. Lande,* 138 Pa. Superior Ct. 235, 242, 10 A. 2d 583, upon which appellant relies, is, for the reasons which we have given, inapplicable.

We find no error in the entry of the decree by the court below granting the prayer of the trustee's petition.

Decree is affirmed, at the cost of appellant, payable out of fund in court.