## Pannonia Beneficial Building and Loan Association Case.

Argued Nov. 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*J. Channing Ellery,* with him *Frank O. Schilpp* and *Rambo & Mair,* for appellants.

*George J. Mallen,* Special Deputy Attorney General, with him *James H. Duff,* Attorney General, and *William Brodsky,* for appellee.

*Morris Wolf,* with him *Wolf, Block, Schorr & Solis-Cohen,* for Northern Trust Company.

OPINION BY MR. JUSTICE HUGHES, December 29, 1944:

The petitioner, a creditor of Pannonia Beneficial Building and Loan Association, filed a petition on March 27, 1943, against the Secretary of Banking of Pennsylvania and the Northern Trust Company of Philadelphia to show cause why the order to compromise a claim of the Northern Trust Company against the Pannonia Beneficial Building and Loan Association, entered on July 9, 1936, should not be set aside and the Northern Trust Company directed to refund to the Secretary of Banking the sum of $31,150.22 with interest, being the amount paid under that order. When the Secretary of Banking took possession of the Pannonia Beneficial Building and Loan Association on July 7, 1932, that association owed the Northern Trust Company $48,-687.54. The Receiver, believing it advantageous to settle the claim, obtained leave of court to do so for $31,150.22. After this settlement was made, on January 13, 1939,

the Secretary of Banking filed his first account as receiver, showing a balance of inventory on hand of $47,-224.11. The petitioner had notice of the filing of this account. Set forth therein was the compromise now in question. The audit set forth general creditors' claims allowed at $5,664.08, which included the petitioner's claim of $4,816.37. This account was confirmed without any exception being filed by the petitioner to the payment made to the Northern Trust Company. The second account was filed on December 2, 1940, and showed a balance of inventory of $26,176.92. The petitioner had notice of this account and filed no exceptions to it. The third and final account of the Secretary of Banking was filed on July 3, 1942, and showed cash on hand of $6,786.98. There was no balance of inventory and certain department charges showed there would be no balance for distribution to general creditors. Although the petitioner had notice of this account, no exceptions were filed thereto. The court entered an order on December 1, 1942, confirming the second and third accounts and discharging the deputy receiver.

The petitioner claims the compromise of the Northern Trust Company should be set aside and it be required to refund the money, so all general creditors could be paid ratably. The petitioner claims as a general creditor it should be permitted to raise this question, although it filed no exceptions to the first account.

The administration of the Pannonia Beneficial Building and Loan Association was prescribed by the Act of May 15, 1933, P. L. 565, 71 PS §733 et seq.; *Secretary of Banking Appeals,* 348 Pa. 255. Section 1010 of the Act reads as follows: "A. If the secretary has approved all depositors' claims, or, in the case of building and loan associations, all shareholders' claims, as presented by them pursuant to the provisions of this act, or if not presented, as they appear upon the books or other records of the institution, and if no exception has been filed to an account or to any item thereof within thirty days

after the filing of such account by the secretary, the court shall confirm the account absolutely. If any funds are available for distribution, the secretary shall then declare and pay out of such funds a partial or a final dividend, according to the priorities established by law. . . . B. The confirmation of any account after the adjudication of all claims therein which have been rejected by the secretary, or to which exceptions have been filed, and of all other exceptions to such account, shall be conclusive as to all matters therein. Except as otherwise provided in this act, no claim of any depositor or other creditor or, in the case of a building and loan association, any shareholder, shall be valid if not listed and approved in the first account which has been filed. The confirmation of the final account and distribution thereunder shall discharge the secretary, the deputy receiver, any other employe, and the legal counsel, as well as the surety for any of them, from all further civil liability for any act done in his official capacity as receiver, deputy receiver, employe, or legal counsel of the institution." This confirmation is conclusive not alone as to the officials named, but conclusive as to everyone: *No. 90 Building and Loan Association v. Allesandroni et al.,* 317 Pa. 30, 176 A. 235.

Even though there were no specific statutory provisions, under the equitable principles which are indicated in the Act of May 15, 1933, supra, art. VII, §701 and §709 (PS), as applying to such receivership as this, when accounts are filed with notice to creditors and an opportunity given to those interested to file exceptions, if none are filed and the accounts are confirmed they must be considered final in the absence of fraud: *Hilliard v. Sterlingworth Railway Supply Company,* 236 Pa. 82, 84 A. 680; *First National Bank of Barnegat's Appeal,* 318 Pa. 529, 179 A. 86; *Warner v. Conn et al.,* 347 Pa. 617, 32 A. 2d 740; *Wagner's Appeal,* 143 Pa. Superior Ct. 407, 17 A. 2d 662.

The petitioner having had opportunity to file exceptions to protect the interests of which it was trustee, and failing to show any fraud or other circumstances which would move a court of equity to set aside a confirmation under the general principles of equitable relief, the petitioner has failed to qualify.

The petitioner was apparently lulled into inactivity by the ratio of assets to liabilities which were so favorably set forth in the first and second accounts, and the most that can be said is that it is now a disappointed creditor because of the unfavorable balance in the third and final account. Had it filed a proper exception, we would have condemned the practice of the liquidating receiver distributing assets to a creditor-claimant offering a compromise. The Secretary of Banking was proceeding under the Act of 1933, P. L. 565, supra, and §716, subsection A, provides: "The secretary may, with leave of court, compound or compromise any debt, claim, or judgment *due to* the institution of which he is in possession as receiver, and discontinue any action or other proceeding pending therefor." While there is no objection to a compromise with a creditor, which is approved with leave of court, there should be no money paid out in settlement of such a claim, but the creditor should be required to wait until a dividend is declared and then share with all the other creditors on the basis of the compromised amount of his claim. The purpose of the liquidation is to collect all the claims due and to make equitable and ratable distribution to all creditors alike. Though a compromise such as was made in this case with a creditor may in some instances be beneficial, yet, as can be seen, in this instance, it worked an ultimate hardship on the other claimants. Such procedure should not be engaged in by liquidating trustees or approved by the supervising court.

Decree affirmed. Costs to be paid by the appellants.