Rockingham,
No. 4910.

ANTHONY CASTRIANO *v.* ANTOINETTE GELARDI.

Submitted November 8, 1961.

Decided November 30, 1961.

*John B. Ford* for the plaintiff, furnished no brief.

*Fuller, Flynn & Riordan* for the defendant, furnished no brief.

LAMPRON, J. The assets of the partnership consisted of a motel which was eventually purchased by the plaintiff from the receiver for $33,000 in cash plus the extinguishment of a claim of some $6,000. The amount of assets and liabilities in the receivership does not appear in the record. An approximation thereof can be gathered from a statement to the Court by one of the counsel that if the motel had been sold for $26,000 "then the figure here instead of $6,000 now remaining in the Receiver's hands would have shown a deficit, because on the figure of $26,000 there would have been no money with which to have paid probably even the administration expenses."

As regards the latter expenses, there was no opposition to the payment of a fee of $1,000 to counsel for the receiver. Nor was there objection to the repayment of cash disbursements made by the receiver in the amount of $459.08. The receiver's demand for a fee of $1,650 for his services was objected to by plaintiff.

The receiver, a real estate broker, testified relative to his services as follows: He took a complete inventory of the physical plant and the personal property of the motel. He endeavored through advertising and by sublisting to dispose of the property.

Through his general business contacts, plus advertising, he took numerous parties to the motel at various times. He conducted a public auction on the premises which failed to produce bidders. He obtained a first offer for the property of $25,100 and through later negotiations he received a cash offer of $33,000.

He further testified that the customary commission for the disposal of a motel is 10% of the gross sale price. "All the creditors and people were calling me constantly. I don't think a day ever went by but what I was called by some creditor. I had numerous letters relative to the fact that all the parties involved owed money." He advanced some of his own money, for which he was reimbursed, to promote the eventual sale of the property.

The Trial Court allowed the receiver an amount equal to 5% of the sale price of $33,000 less $100 for expenses for which he had been reimbursed and which normally would be assumed by a real estate broker.

The Superior Court in a case of this kind is vested with a sound discretion in fixing the amount of the compensation of a receiver. *Woodward* v. *Providence Teaming Co.*, 71 R. I. 291. Ordinarily a receiver is entitled to compensation for authorized services performed by him measured by the reasonable value thereof. 45 Am. Jur., Receivers, *s.* 288, *p.* 223; See Annot. 56 A. L. R. 2d 13, *s.* 34, *pp.* 103-107. What is fair and reasonable is a question of fact. *Jacobs* v. *Ringling Brothers - Barnum & Bailey Shows*, 141 Conn. 86. Such a finding by the Superior Court will not be reversed on appeal if there is evidence to support it. *Commonwealth* v. *Traders & Mechanics Bank*, 268 Pa. 526, 528.

The different factors which enter in this determination by the Superior Court are enumerated in the *Jacobs* case above cited. Among them are the knowledge and experience of the receiver, the time devoted to his work, and the amount paid as compensation for similar services. Considering the fact that the receiver was a real estate broker, the fees ordinarily paid for such work in the area, the efforts which the receiver contributed toward the ultimate result obtained, we are unable to say that the fee awarded him was excessive and unreasonable and that its allowance was an abuse of discretion by the Superior Court. *Woodward* v. *Providence Teaming Co., supra.*

*Exception overruled.*

All concurred.