# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John P. Bologna and Jo Ann : 
Bologna, Trustees of the Bologna : 
Living Trust, u/d April 15, 1998, : 
    Appellants : 
          :   No. 1007 C.D. 2022
    v. : 
          :   Submitted: October 9, 2025
Armstrong County Tax Claim Bureau :


BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE LORI A. DUMAS, Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**           **FILED: November 19, 2025**

    John P. Bologna and Jo Ann Bologna, Trustees of the Bologna Living Trust, u/d April 15, 1998 (Trustees) appeal from the order entered by the Court of Common Pleas of Armstrong County (Common Pleas) on August 22, 2022. Through that order, Common Pleas denied Trustees' "Objections and Exceptions To The September 23, 2021 Upset Tax Sale" (Exceptions). We affirm.

# I. BACKGROUND[1]

This appeal pertains to a property located at 1672 Airport Road in Vandergrift, Pennsylvania (Property), which is occupied (and was owned) by Trustees. Trustees failed to pay the Property's 2019 real estate taxes, which prompted the Bureau to move forward with exposing the Property to an upset tax sale in 2021. In accordance with Section 602 of the Real Estate Tax Sale Law (RETSL),[2] the Bureau attempted to notify Trustees in advance of the then-impending sale.[3] On September 7, 2021, the Bureau filed the Petition to Waive, through which it requested that Common Pleas relieve it of the obligation to personally serve notice upon Trustees. Common Pleas granted the Petition to Waive on September 8, 2021, and the Property was sold to a third party via upset sale on September 23, 2021.

Trustees subsequently filed their Emergency Petition on December 10, 2021. Therein, Trustees asserted that they had been deprived of an adequate chance to challenge the sale because the Bureau had mailed the sale notices to the wrong address. Common Pleas granted the Emergency Petition that same day, thereby

---

[1] We draw this section's substance from Appellee Armstrong County Tax Claim Bureau's (Bureau) "Petition to Waive Requirement of Service of Rule Notice of Pending Tax Sale" (Petition to Waive); Trustees' "Emergency Petition to Appeal *Nunc Pro Tunc* and Stay Delivery of Deed" (Emergency Petition); Trustees' Exceptions; the transcripts of the hearings Common Pleas held regarding the Petition to Set Aside; and Common Pleas' subsequent opinion. *See generally* Bureau's Pet. to Waive, 9/7/21; Trustees' Emergency Pet., 12/10/21; Trustees' Exceptions, 1/10/22; Common Pleas Hr'g Tr., 5/26/22; Common Pleas Hr'g Tr., 7/8/22; Common Pleas Op., 10/20/22.

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.

[3] Per Section 602, the relevant tax claim bureau must provide notice of an upset sale in three ways. First, the notice must be published, at least once and no less than 30 days prior to the sale, in two newspapers of general circulation in the pertinent county, as well as in the legal journal that publishes legal notices in the area; second, the notice must be sent via "certified mail, restricted delivery, return receipt requested, postage prepaid," to each owner of the affected property at least 30 days before the sale; finally, the notice must be physically posted on the property no less than 10 days prior to the sale. 72 P.S. § 5860.602(a), (e)-(e)(1), (e)(3).

giving Trustees leave to challenge the sale via "exceptions and reservations" and barring the Bureau from recording any deeds memorializing the Property's sale until Trustees' challenge was adjudicated.

Trustees then filed their Exceptions on January 10, 2022, through which they contested the legality of the upset sale on two bases. First, Trustees alleged that the Bureau had failed to personally serve notice upon them in advance of the upset sale. Second, Trustees asserted that the Bureau had failed to make reasonable efforts to discover their whereabouts and to notify them prior to the sale.

Common Pleas held an evidentiary hearing regarding Trustees' Exceptions on May 26, 2022. Of relevance to this appeal, the Bureau called Rebecca Snyder, its Director. During the course of Snyder's testimony, the Bureau attempted to introduce into evidence business records that had been created by Palmetto Posting, Inc. (Palmetto), a private company that handled the provision of upset sale notices on the Bureau's behalf. These records, which were described as a "field report," were labelled as "Respondent's Exhibit 6." Before Snyder could describe Exhibit 6's particulars, Trustees' attorney swiftly lodged a hearsay objection to both Exhibit 6 and more broadly to Snyder's ability to authenticate any Palmetto records. In response, Common Pleas deferred a ruling on the objection and ultimately adjourned the hearing, in order to allow the Bureau to locate and present a witness who could properly authenticate the Palmetto records.

Common Pleas held a second hearing on July 8, 2022, during which the Bureau offered two Palmetto employees as witnesses: David Johnson, Palmetto's Chief Information Officer; and John O'Shaughnessy, a Palmetto field agent. Collectively, Johnson and O'Shaughnessy authenticated Exhibit 6, as well as a Palmetto "property detail page" that was labelled as "Respondent's Exhibit 7."

3

Taken together, Exhibits 6 and 7 established that a Palmetto agent posted the Property on August 21, 2021, unsuccessfully attempted personal service upon Trustees that same day, and successfully perfected personal service upon Jo Ann Bologna on August 23, 2021. Additionally, O'Shaughnessy testified that he had personally served notice upon Jo Ann Bologna on August 23, 2021. Trustees' attorney withdrew his objection to Exhibit 6 during the course of O'Shaughnessy's testimony and expressly declined to object to the admission of Exhibit 7 after O'Shaughnessy finished testifying. Common Pleas then took the matter under advisement at the close of the hearing.

On August 22, 2022, Common Pleas issued an order that denied Trustees' Exceptions. This appeal followed shortly thereafter.

## II. DISCUSSION[4]

We summarize Trustees' arguments as follows. First, Trustees assert that Common Pleas erred by concluding that the Bureau had satisfied RETSL's notice posting requirement because that conclusion was based solely upon Palmetto records that constituted inadmissible hearsay evidence. Trustees' Br. at 11-15. Second, Trustees maintain that Common Pleas erred by taking notice of the September 8, 2021 order that relieved the Bureau of the need to personally serve

---

[4] In tax sale cases, our review is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence. The trial court has the exclusive province to weigh evidence, make credibility determinations, and to draw reasonable inferences from the evidence presented. Where the trial court's findings are supported by substantial evidence of record, this Court may not disturb those findings on appeal.

*Weaver v. Schuylkill Cnty. Tax Claim Bureau*, 324 A.3d 711, 716 n.4 (Pa. Cmwlth. 2024). "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Eureka Stone Quarry, Inc. v. Dep't of Env't Prot.*, 957 A.2d 337, 344 (Pa. Cmwlth. 2008) (cleaned up).

notice upon Trustees, because that order was "not of record" and was issued pursuant to an inapplicable RETSL provision. *Id.* at 15-18.

Both of Trustees' arguments are meritless. With regard to their first argument, Trustees withdrew their objection to Exhibit 6 and elected not to object to Exhibit 7. *See* Common Pleas Hr'g Tr., 7/8/22, at 17, 20. Accordingly, they waived any challenge to Common Pleas' usage of that evidence to support its conclusion that the Bureau had complied with RETSL's notice posting requirement. *See City of Phila. v. DY Props., LLC*, 223 A.3d 717, 722 (Pa. Cmwlth. 2019) (cleaned up) ("To preserve an issue for appeal, a litigant must make a timely, specific objection[.] . . . Issues not preserved for appellate review cannot be considered by this Court[.]"). As for their second argument, Trustees completely ignore the fact that O'Shaughnessy personally served Jo Ann Bologna at the Property with the upset sale notice on August 23, 2021. *See* Common Pleas Hr'g Tr., 7/8/22, at 16-20. The September 8, 2021 order is thus entirely irrelevant, because the Bureau had already complied with RETSL's personal service requirement before being granted leave to do otherwise.[5] Consequently, we decline to disturb Common Pleas' August 22, 2022 order.

---

[5] It also bears mentioning that Trustees' contention that Common Pleas erred by taking notice of its September 8, 2021 order is completely incorrect. To the contrary, "[a] court may take judicial notice of the decrees which it has previously made in pending proceedings." *In re Phila. Co. for Guaranteeing Mortgages*, 17 A.2d 662, 664 (Pa. Super. 1941); *see Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) ("In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues."); *cf.* Pa. R.E. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

5

### III. CONCLUSION

In accordance with the foregoing analysis, we affirm Common Pleas' August 22, 2022 order.

_____
**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John P. Bologna and Jo Ann    :
Bologna, Trustees of the Bologna    :
Living Trust, u/d April 15, 1998,    :
               Appellants    :
                           :   No. 1007 C.D. 2022
        v.               :
                           :
Armstrong County Tax Claim Bureau    :

## **O R D E R**

AND NOW, this 19th day of November, 2025, it is hereby ORDERED that the order entered by the Court of Common Pleas of Armstrong County on August 22, 2022, is AFFIRMED.

 

 

**LORI A. DUMAS, Judge**