Independent Brewing Co. of Pittsburgh, Appellant, *v.* Colonial Trust Co. et al.

*Mandamus—Jurisdiction—Necessity—Corporations—Corporate mortgage—Trustee—Contracts—Equity—Acts of June 16, 1836, section 13, P. L. 784, and March 23, 1877, P. L. 32.*

1. A court of equity has exclusive supervision and control of trustees in the management or administration of their trust, under the Acts of June 16, 1836, section 13, P. L. 784, and March 23, 1877, P. L. 32.

2. Duties imposed upon a corporation not by virtue of express law or the conditions of its charter, but arising out of contract relations will not be enforced by mandamus.

3. Mandamus issues only in cases of necessity; where there is a doubt as to its necessity or propriety it will not go.

4. Mandamus will not lie by a corporation, which has issued bonds under a mortgage, to compel another corporation which is the trustee named in the mortgage, to purchase certain bonds with moneys in the sinking fund.

Argued October 19, 1921. Appeal, No. 198, Oct. T., 1921, by plaintiff, from order of C. P. Allegheny Co., April T., 1921, No. 2368, quashing writ of alternative mandamus, in case of Independent Brewing Co. of Pittsburgh v. Colonial Trust Co., Trustee under Mortgage, et al. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Motion to quash writ of mandamus. Before EVANS, J. The opinion of the Supreme Court states the facts. Writ quashed. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting it.

*A. M. Neeper,* for appellant.—Mandamus is the proper remedy: Com. v. Iron Co., 105 Pa. 117; Williamsport v. Water Co., 232 Pa. 244; Ashhurst v. Iron Co., 35 Pa. 43.

*M. W. Acheson, Jr.,* of *Sterrett & Acheson,* for appellee.—Mandamus does not lie: Struthers C. & C. Co. v. Trust Co., 227 Pa. 29; Com. v. St. Mary's Church, 2 Binney 360; Investment Co. v. Eldridge, 2 Pa. Dist. R. 394.

OPINION BY MR. JUSTICE KEPHART, January 3, 1922:

If, as urged by appellee, mandamus will not lie, then the questions so earnestly argued by appellant are not

before us. To understand appellant's position, a brief recital of the facts is necessary.

The Independent Brewing Company, in 1905, created an indebtedness of $4,500,000, issuing therefor its fifty-year bonds, with interest payable semiannually thereafter. The mortgage securing the bonds contained no covenant for the creation or maintenance of a sinking fund. By a supplemental mortgage, executed in 1909, such fund was created; the Colonial Trust Company, appellee, was designated trustee and accepted the position. This indenture required appellant to deposit $50,000, in 1911, and annually thereafter, with the trustee, for a sinking fund; and it further provided (section 7) that the money so paid, with the accumulations of interest, was to be used and applied by the trustee as the board of directors should request; that is, to purchase bonds secured by the mortgage. Since the date mentioned, ten payments of $50,000 each have been made, and the trustee, at the request of the directors, has taken treasury bonds from appellant (a debtor), giving par value therefor, though the bonds had been selling in the open market at from 40 to 90 per cent of their face value. In January, 1921, there came into the possession of the trustee $17,000 as accrued interest on the bonds in its hands; and appellant, acting under what it believed to be its right, requested appellee to take seventeen of the first mortgage bonds, as it had previously done, and give in return the face value of the bonds,—this, notwithstanding the fact that the sinking fund was raised for the benefit of the bondholders, and appellee could go into the market and purchase bonds for 45 per cent of their value. Appellee, for the first time, as far as it appears, denied the Brewing Company's right to the money in the sinking fund, and the latter, contending it had the sole, absolute and exclusive power to direct the trustee how to invest or dispose of the money in the sinking fund, secured an alternative writ of mandamus to compel the trustee to accept the bonds.

The court below, on motion, quashed the alternative writ, for the reason equity had exclusive jurisdiction of the subject-matter of the litigation. This appeal follows that decree.

Appellant bases its right to the writ on the Act of March 19, 1903, P. L. 32, because appellee, as a trust company, had certain enumerated powers ("to receive and hold on deposit and in trust, and as security, estate, real and personal," "to take, accept and execute trusts of every description not inconsistent with the law of this State or of the United States"; "and to receive and manage any sinking fund......on such terms as may be agreed upon") that were, in fact, legal duties under the act which gave the court jurisdiction to compel performance by mandamus. The petition for mandamus distinctly avers that appellee is a trustee in a mortgage, with certain duties to perform by reason of the acceptance of the trust; as trustee it took the legal title to a sum of money deposited with it, the equitable title being directly in those beneficially interested in the sinking fund through the terms of the supplemental mortgage. The legal relation of trustee and cestui que trust, and the equitable title that came into existence through it, was the product of a court of equity, and, except in a decedent's estate, specifically excepted by statute, it is no more than proper that a court of equity should continue to take care of it. This is generally the law in England and America; in Pennsylvania it has been the subject of a statutory regulation. "The several courts of common pleas shall have the jurisdiction and powers of a court of chancery as far as it relates to the control, removal and discharge of trustees and the appointment of trustees and settlements of their accounts, the care of trust monies and property......made liable to the control of the said courts": Act of June 16, 1836, section 13, P. L. 784, 789. And, by the Act of March 23, 1877, P. L. 32, it has the power of a court of chancery to en-

force rights under mortgages given by manufacturing corporations,—appellant being such a company.

The fund in appellee's hands is a trust fund and the dispute is over its management. A court of chancery has exclusive supervision and control of trustees in the management or administration of their trust, and, while this was not directly ruled, it was accepted in Struthers Coal & Coke Co. v. Union Tr. Co., 227 Pa. 29.

Notwithstanding this, appellant urges that a remedy, likely a concurrent one, exists by way of mandamus,— arguing, as above stated, that, as appellee is a corporation, with the powers enumerated when it accepted the trust, a clear legal duty was imposed on it which it has declined to obey. When appellee, in the exercise of its corporate powers, accepted the trust, it involved certain duties to be performed, but these are not statutory or public duties that might be enforced by mandamus; they exist through contract and are contractual obligations; mandamus does not lie at the suit of one corporation, contracting with another corporation, to enforce performance of such contracts. It is unnecessary to discuss appellant's cases in detail. They relate to situations where mandamus was used to enforce a strictly public duty or an obligation arising by charter, such as duties of a public service company or their like, or to enforce rights within a corporation between its stockholders and officers; no case has been cited where mandamus lies to enforce rights springing solely from contract. Duties imposed upon a corporation not by virtue of express law or the conditions of its charter, but arising out of contract relations, will not be enforced by mandamus, since the use of the writ is limited to the enforcement of obligations imposed by law. To warrant the writ against such a company, there must be some specific duty to the relator, expressly imposed by the terms of its charter or necessarily arising from the nature of the privileges or obligations which the charter creates. "The writ of mandamus issues only in case of

necessity. Where there is doubt of its necessity or propriety it will not go": 26 Cyc. 146; New Brighton Boro. v. New Brighton Water Co., 247 Pa. 232, 238.

The decree of the court below is affirmed.