Padelford, Appellant, *v.* Real Estate-Land Title & Trust Co.

Argued October 3, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Clarence E. Hall,* of *Orr, Hall & Williams,* for appellant.

*Boyd Lee Spahr,* of *Ballard, Spahr, Andrews & Ingersoll,* with him *Dudley T. Easby, Jr.,* and *Robert Brigham,* for appellee.

OPINION BY RHODES, J., February 28, 1936:

An action of assumpsit was brought by the plaintiff against the defendant to recover interest on an alleged improper investment made by it as trustee under an irrevocable deed of trust inter vivos. Defendant's statutory demurrer was sustained by the court below; and plaintiff has appealed.

The plaintiff's statement of claim shows that the plaintiff executed and delivered an irrevocable deed of trust inter vivos, on December 22, 1921, to the defendant company as trustee. She delivered the securities to the defendant as set forth in the schedule attached to the deed. The defendant accepted the trust, and has administered it since that date. A copy of the deed of trust is attached to the plaintiff's statement, and by the terms thereof the defendant was to retain the securities and collect the income therefrom, and, after making certain other payments, pay the balance of the income each year to the plaintiff during her natural life. The deed of trust provided that, upon the death of the plaintiff, the income was to be divided and paid by the trustee to such of her children as were living at that time until the youngest child attains the age of 21 years, at which time the principal shall be paid to and divided among such children of the plaintiff as shall then be living, or should any of them be deceased, leaving child or children them surviving, such surviving child or children to take their parent's share by representation, per stirpes and not per capita, free and clear of all trusts. The deed of trust then designates other cestuis

que trustent having contingent interests in income and corpus.

The deed of trust contained the following restriction as to the investment of funds by the trustee: "In further trust to invest and reinvest from time to time such cash as is now or may hereafter be in the hands of the Trustee in first mortgages on improved real estate in the State of Pennsylvania in an amount not exceeding Sixty (60) per cent. of a fair appraisal value of the property to be mortgaged. No investment in the principal of the said Estate shall exceed upon any one property the sum of Twenty Thousand Dollars ($20,000)."

The plaintiff's statement avers that the defendant, on February 21, 1930, contrary to the provisions of the deed of trust, purchased $9,000 face value of bonds, known as North American Building "A" bonds, and charged the principal of the trust fund with $8,820 in payment for the same; that said bonds constitute a part of an issue of $2,000,000 secured by a mortgage; that the defendant at the time of purchase made no appraisal of the property which was security for the bonds; that the defendant was aware of a preexisting default of the mortgage for nonpayment of taxes; that the defendant was aware, at the time of this investment, of the rapidly diminishing value of real estate and of the increasing vacancy and diminishing rents in the building which was security for said mortgage; that the purchase of said bonds was in violation of the contract between the plaintiff and the defendant; that there had been a default in the payment of the interest on said bonds from January 31, 1931.

The plaintiff's statement also avers that the plaintiff is entitled, under the terms of the deed of trust, to receive the income from the proper investment of the principal of the said trust for and during the term of her natural life; that plaintiff has suffered damages

by reason of the breach of contract between the plaintiff and the defendant, in that she has been deprived of the interest on the amount improperly invested. Plaintiff's suit was to recover interest, at 6 per cent., from the date of default, until March 31, 1934, the date of the institution of the action.

The defendant filed its statutory demurrer to the plaintiff's statement of claim on the grounds that no cause of action at law was set forth in the plaintiff's statement of claim; that the remedies of the plaintiff, if any, are in the orphans' court under the Act of June 26, 1931, P. L. 1384, or in the court of common pleas, sitting as a court of equity, under the Act of June 14, 1836, P. L. 628, and the Act of June 16, 1836, P. L. 784; that such jurisdiction is exclusive; and that others have an interest in the subject-matter of the action, none of whom has been made a party therein.

Appellant's contentions on this appeal cannot be sustained. Appellant first contends that this suit was brought by her as settlor (only incidentally a cestui que trust) on a deed of trust inter vivos; that there was a privity of contract between appellant and the defendant; and that full disposition of the case can be made by common-law judgment. Appellant adds that all that is sought by her in the instant case is damages after a positive breach by the defendant trustee of the contractual undertaking of the agreement of trust to the exclusive and liquidated damage of her as settlor; that assumpsit for breach of contract lies when trust funds have been invested contrary to the terms of a deed of trust inter vivos, resulting in definite damage to her as settlor alone; and that equitable relief is not required since appellant does not, in order to obtain relief, seek to have the defendant trustee replace the improper investment.

Appellant then proceeds to state that the central question presented on this appeal is whether the various

acts of assembly deprive beneficiaries of the right which theretofore they had enjoyed in courts of law and supplant rather than supplement this jurisdiction at law.

It is argued that authority for the procedure is found in the power of courts of law to administer equity under common-law forms; that, this power over trustees having existed prior to the Act of June 16, 1836, P. L. 784, in the courts of law, equity now has only concurrent jurisdiction of a trustee under a deed of trust inter vivos where there has been a breach of contractual obligations imposed by such a deed of trust; and that the Act of 1836 did not deprive the courts of law of the power to decide assumpsit actions between cestui que trust and trustee, where a contract is set forth, and give it to equity exclusively.

It is apparent that the appellant is entitled to the income from the trust fund as life beneficiary or cestui que trust. If she is entitled to damages, as alleged in the plaintiff's statement, for breach of contract between herself and the defendant trustee, it must be as settlor. She claims that the income of which she has been deprived, or the damages which she has suffered, is 6 per cent. interest on the alleged improper investment.

That appellant as settlor can bring such an action for damages for breach of contract against the defendant is untenable. As settlor, the appellant has no legal or equitable interest in the income from the trust fund. Under the deed of trust, she is entitled as cestui que trust to so much of the income during her lifetime as the deed of trust provides. The deed of trust between the appellant and the defendant was a consummated transaction when the same was executed and delivered, with the securities therein enumerated, to the defendant. The appellant by the deed of trust "granted, bargained, sold, conveyed, assigned, transferred and set over" to the defendant, "its succes-

sors or assigns the investments, securities and cash appearing in Schedule 'A' attached" thereto.

It was the duty of the trustee thereafter to administer the trust and distribute the income and corpus according to the terms thereof. The appellant as settlor in this case parted with her legal title to the subject-matter of the trust when the deed of trust was executed and the securities and the title thereto transferred to the defendant. Thereafter there was no contract to administer the trust enforceable in an action at law by the settlor against the defendant as trustee. The duty of the defendant to properly manage the trust is to the beneficiaries.

Suit by the appellant as cestui que trust on the facts alleged in the statement of claim likewise could not be sustained. The action is predicated on defendant's failure to properly manage the trust fund. Assuming that an improper investment was made, that appellant was entitled to the income from a proper investment of the principal of the trust fund for her natural life, that she has been denied the interest on the amount improperly invested, still there is no certainty that the fund would have produced for distribution 6 per cent. per annum, if properly invested, and it is not so alleged in the statement of claim. Besides, there is no contractual relationship between the appellant as cestui que trust and the defendant as trustee.

There is at least another compelling reason why the demurrer was properly sustained by the court below.

This case involves, it is evident, the management of an irrevocable trust inter vivos. The mismanagement on the part of the defendant is not in failing to pay interest on a certain portion of a trust fund to a cestui que trust. There may be at times a failure of return on investments made in strict compliance with the provisions of the deed of trust. The mismanagement,

if any, was in making an investment that was improper under the provisions of the deed of trust.

Equitable relief was often administered through common-law forms before we had a court of equity. It is not necessary to enumerate or discuss those remedies which were adopted before courts of equity were established in this state and which were not abrogated by the statutory grant of equity powers to the courts of common pleas or to the orphans' court. See Manzer v. Wycoff and Wycoff, 78 Pa. Superior Ct. 560, 563; Corson v. Mulvany, 49 Pa. 88, 101; Biddle v. Moore, 3 Pa. 161; Church v. Ruland, 64 Pa. 432; Aycinena v. Peries, 6 Watts & S. 243; Pratt et al. v. Waterhouse et al., 158 Pa. 45, 27 A. 855.

The appellant as cestui que trust had an equitable interest in the income from the trust fund in this case. The income and the fund itself eventually go to others under the deed of trust, and they are fully designated therein. Their interests are equitable and contingent.

By the Act of June 16, 1836, P. L. 784, 789, §13 (17 PS §281), the courts of common pleas were given "the jurisdiction and powers of a court of chancery, so far as relates to: ...... IV. The control, removal and discharge of trustees, and the appointment of trustees, and the settlement of their accounts." See, also, the Act of June 14, 1836, P. L. 628, §15 (20 PS §2741). The Act of June 14, 1836, P. L. 628, §19 (20 PS §2833), provides for the procedure in equity against a trustee.

Prior to the Act of 1836, giving the courts of common pleas jurisdiction in equity, the courts of law could not remove trustees who had been guilty of misbehavior. Reese et al. v. Ruth, 13 Serg. & R. 434. Before the passage of the Acts of 1836, it was the policy of the judicial tribunals of this Commonwealth to encourage trustees to discharge their functions; thereafter it became their duty to compel performance, wherever the

necessary jurisdiction had been conferred. Kuhler et al. v. Hoover, 4 Pa. 331.

The legal relation of trustee and cestui que trust, and the equitable title that came into existence through it, was the product of a court of equity, and controversies between them arising out of this relationship are exclusively within the jurisdiction of courts of equity, except as otherwise specifically provided by statute. Independent Brewing Co. of Pittsburgh v. Colonial Trust Co. et al., 273 Pa. 12, 15, 116 A. 518, 519.

The dispute, in the instant case, between the appellant as cestui que trust and the defendant as trustee, is over the latter's management of the trust fund in its possession; and equity has exclusive jurisdiction. Independent Brewing Co. of Pittsburgh v. Colonial Trust Co. et al., supra, 273 Pa. 12, page 16, 116 A. 518, page 520. See Struthers Coal & Coke Co. et al. v. Union Trust Co., 227 Pa. 29, 34, 75 A. 986, 988; First National Bank of Barnegat's Appeal, 318 Pa. 529, 531, 179 A. 86, 87.

The Act of June 26, 1931, P. L. 1384, amending §9 of the Act of June 7, 1917, P. L. 363 (20 PS §2253a), conferred jurisdiction over trusts inter vivos upon the orphans' court. This jurisdiction, however, is concurrent with that of the courts of common pleas. Roseberry's Estate, 317 Pa. 45, 176 A. 216; Schwartz v. Schwartz, 316 Pa. 318, 175 A. 386.

Appellant has her remedy against the defendant for any derelictions on its part in the discharge of its duties as trustee. That remedy is sufficient, expeditious, and conclusive for all interests.

The order of the court below sustaining statutory demurrer is affirmed.