## National Board of Trustees of Theta Chi, Inc., v. Summer et al.

*Christian P. Humer* and *Walter R. Faries*, for plaintiff.
*E. M. Biddle, Jr.*, and *M. F. Hummel*, for defendants.

REESE, P. J., November 14, 1936.—Petitioner, National Board of Trustees of Theta Chi Fraternity, Inc., a Massachusetts corporation, seeks a declaratory judgment against respondents, Mrs. Dallas Summer and Carlisle Trust Company. The petition and record disclose the following facts:

The Grand Chapter of Theta Chi Fraternity, Inc., a New York corporation, has a subordinate chapter at Dickinson College known as Pi Chapter, an unincor-

porated association composed of certain undergraduates of said college. On December 1, 1925, one Alvin B. Biscoe conveyed a large dwelling and lot to the Alumni Association of Pi Chapter of Theta Chi Fraternity, a corporation of the first class chartered by this court. The conveyance was under and subject to a first mortgage in favor of Carlisle Trust Company, trustee, securing the payment to the registered holders thereof of four bonds aggregating $15,000. Shortly thereafter the Alumni Association of Pi Chapter of Theta Chi Fraternity leased the property to Pi Chapter, by whom it has since been used as a fraternity house.

On October 8, 1935, petitioner herein became the registered holder of $13,000 of the bonds secured by the first mortgage. Shortly thereafter, it is averred, petitioner notified Carlisle Trust Company, trustee, that a moratorium should be created and that the trust company should make no demand for interest or principal on petitioner's bonds and should not foreclose the mortgage.

It is further averred that in spite of these directions the trust company, on June 6, 1936, proceeded by sci. fa. to foreclose the mortgage in compliance with a demand by respondent, Mrs. Summer, the registered holder of $2,000 of the bonds secured by the mortgage. The sci. fa. sur mortgage was issued against the mortgagor, Alvin B. Biscoe, and his grantee, the Alumni Association of Pi Chapter of Theta Chi Fraternity, and avers that there has been default in payment of the principal sum, $15,000, since December 1, 1926, and in payment of interest since December 2, 1934. Defendants in the sci. fa. failed to file an affidavit of defense, and for want thereof judgment by default was entered on July 31, 1936, in favor of Carlisle Trust Company, trustee, in the sum of $17,836.05.

Thereafter, on August 4, 1936, the petition now before us was filed, petitioner praying for a declaratory judgment construing the rights of the trust company and petitioner under the mortgage, to restrain the trust company from further proceeding with the foreclosure of the

mortgage, and for the removal of the trust company as trustee. It is averred, in substance, that petitioner deemed it inexpedient and unwise in view of existing economic conditions to compel the owner of the property to pay principal or interest or to foreclose the mortgage, and it is the contention of petitioner that it, being the holder of a majority of the bonds, can control the action of the trustee in foreclosing the mortgage, notwithstanding the contrary demand of the holder of the minority of the bonds. It is also averred that by reason of the trust company's noncompliance with the directions of petitioner and for various kindred reasons the trust company should be removed as trustee.

Respondents herein have filed what are termed "preliminary objections to the petition" for declaratory judgment. The Act of May 22, 1935, P. L. 228, prescribing the practice to be pursued in proceedings for declaratory judgments, provides in section 5:

"A defendant may by his answer, without first replying to the averments of fact in the petition, raise any question of law which goes either to the jurisdiction of the court or to petitioner's legal right to have the disputed matter determined in this character of proceeding, and any such question of law may be set down for hearing and disposed of in limine."

The "preliminary objections to the petition" filed by respondents raise such questions of law, and we will, therefore, treat the "preliminary objections" as an answer filed pursuant to section 5, supra.

It is averred by respondents that the instant proceeding "is intended to control the management of an equitable trustee and to effect the removal and discharge of said trustee" and that "the jurisdiction therein is solely in a court of equity." Petitioner admits that a court of equity has jurisdiction to restrain the trustee herein from proceeding with the foreclosure and to remove the trustee, but it is contended that there is concurrent jurisdiction in the court of common pleas on the law side under a peti-

tion for declaratory judgment, especially since the Act of April 25, 1935, P. L. 72, amending the Declaratory Judgments Act of June 18, 1923, P. L. 840.

The amendment of April 25, 1935, supra, provides:

"Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present; but the case is not ripe for relief by way of such common law remedy, or extraordinary legal remedy, or where the party asserting the claim, relation, status, right, or privilege and who might bring action thereon, refrains from pursuing any of the last mentioned remedies."

It was held in Allegheny County v. Equitable Gas Co., 321 Pa. 127, that the amending Act of 1935, supra, "provides that a declaration may be made, notwithstanding the existence of a common law remedy, when it appears that 'the case is not ripe for relief by way of such common law remedy . . .'; in other words, if the case is 'ripe'

for relief by the common law remedy, that remedy shall be preferred."

We feel that the case cited rules the present one. In the case cited, the case was "ripe" for relief by way of a common-law remedy; the present case is "ripe" for relief by way of an equitable remedy. The Act of June 16, 1836, P. L. 784, sec. 13, provides that "the several courts of Common Pleas, shall have the jurisdiction and powers of a court of Chancery, so far as relates to . . . The control, removal and discharge of trustees".

It has been held in Keystone Coal Company's Trustee, 225 Pa. 243, that a trustee named as mortgagee, being the repository of the title to the mortgaged property in trust for the creditors thereby secured, is a trustee under the Act of 1836, supra. Since Carlisle Trust Company is such a trustee in the present case, it follows that it is a trustee under the Act of 1836.

Since judgment has been obtained by the trustee on the sci. fa. sur mortgage, the next step is the sale of the property. If petitioner desires to press its contentions that the majority bondholder can control foreclosure and that the trustee is subject to removal, there is nothing to prevent the filing of a bill in equity against the trustee to restrain further steps in the foreclosure proceeding and to remove the trustee. In other words, the present controversy is "ripe" for relief by way of an equitable remedy, and therefore under the Act of 1935, supra, a petition for a declaratory judgment will not lie. It was held in Padelford v. Real Estate-Land Title & Trust Co., 121 Pa. Superior Ct. 193, that by virtue of the Act of 1836, supra, the courts of equity, except as otherwise specifically provided by statute, have exclusive jurisdiction of controversies between a trustee and cestui que trust, including questions as to the management of the trust estate by the trustee. Although we have another statute, the Declaratory Judgments Act of 1923 and its amendment of 1935, which provides for jurisdiction over such controversies under a petition for declaratory judgment, the

latter remedy is not here available, since the matter is "ripe" for relief through the equitable remedy.

Petitioner further argues that under the Act of 1935, although the controversy is susceptible of relief through an equitable remedy and although the matter may be ripe for such equitable remedy, still a declaratory judgment will be made where the party who asserts the claim refrains from pursuing such equitable remedy. It is contended that since petitioner has refrained from pursuing its equitable remedy it can obtain a declaratory judgment. We do not believe the Act of 1935 gives any such election to the party whose claim is ripe for relief through some other remedy. We think that the Act of 1935 means that a party in the position of the trust company herein, against whom a claim is made, could resort to a declaratory judgment, although the matter is susceptible of equitable or other relief, if the party who makes the claim, petitioner herein, refrains from pursuing such presently available equitable or other remedy.

In view of the foregoing, the petition for a declaratory judgment must be dismissed, and it is, therefore, unnecessary to discuss the other questions of law raised by the respondents.

And now, November 14, 1936, the petition for a declaratory judgment is dismissed, the costs thereof to be paid by petitioner.

From Francis B. Sellers, Carlisle.