## Hallman et al. v. Hershey Chocolate Corporation et al.

*John McI. Smith*, for petitioners.
*William H. Earnest*, for respondents.

HARGEST, P. J., April 22, 1938.—This case comes before us upon a petition for a writ of mandamus. The petitioners are the president and secretary of the Independent Chocolate Workers of Hershey. They aver that the

Hershey Chocolate Corporation, incorporated under the laws of the State of Delaware, having its principal office in Hershey, Dauphin County, Pa., entered into a collective bargaining agreement with the Independent Chocolate Workers of Hershey. This agreement, dated October 22, 1937, was to remain in force for a period of six months and to continue for six months thereafter, "unless a thirty days' notice in writing was given prior to the expiration of the agreement or any annual extension thereof by either party desiring to terminate or modify said agreement". On March 1, 1938, the corporation, through its secretary, attempted to terminate the agreement and withdraw recognition of the Independent Chocolate Workers of Hershey as a collective bargaining agency for the employes of the corporation. The petition avers that defendants attempted to justify their action by stating that it was taken by direction of the National Labor Relations Board, which was not the fact. Petitioners, averring that the action was illegal and in violation of the contract, ask that a mandamus issue, directing the corporation to recall the letter attempting to terminate the contract and to reinstate the Independent Chocolate Workers of Hershey to their full rights thereunder.

A motion to quash the writ alleged a number of reasons, among others, "that plaintiff has not alleged a want of a specific legal remedy". On April 16th, upon motion, an amendment was allowed supplying that defect.

The principal reason for the motion to quash is that the court has no jurisdiction to enforce by mandamus rights under a private contract.

Mandamus is a high prerogative writ demandable of right in a proper case but only to be issued in extraordinary cases where otherwise there would be a failure of justice: Birmingham Fire Ins. Co. v. Commonwealth et al., 92 Pa. 72. See also Commonwealth ex rel. v. Commissioners of Allegheny, 37 Pa. 277, 279. In the development of the law in Pennsylvania it seems to be settled

that a mandamus will not issue to require the performance of contract obligations. In Independent Brewing Company of Pittsburgh v. Colonial Trust Co., 273 Pa. 12, 16, it is said:

". . . mandamus does not lie at the suit of one corporation, contracting with another corporation, to enforce performance of such contracts. It is unnecessary to discuss appellant's cases in detail. They relate to situations where mandamus was used to enforce a strictly public duty or an obligation arising by charter, such as duties of a public service company or their like, or to enforce rights within a corporation between its stockholders and officers; no case has been cited where mandamus lies to enforce rights springing solely from contract. Duties imposed upon a corporation not by virtue of express law or the conditions of its charter, but arising out of contract relations, will not be enforced by mandamus, since the use of the writ is limited to the enforcement of obligations imposed by law. To warrant the writ against such a company, there must be some specific duty to the relator, expressly imposed by the terms of its charter or necessarily arising from the nature of the privileges or obligations which the charter creates. 'The writ of mandamus issues only in case of necessity. Where there is doubt of its necessity or propriety it will not go': 26 Cyc. 146; New Brighton Boro. v. New Brighton Water Co., 247 Pa. 232, 238."

Many cases may be cited for this principle: Barker v. Bryn Mawr College, 278 Pa. 121; Commonwealth ex rel. v. James, 214 Pa. 319; The National Council Jr. O. U. A. M. v. The State Council Jr. O. U. A. M., 19 Dist. R. 287.

The United States Supreme Court, in the case of National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U. S. 1, has decided that the right of employes to self-organization or to select representatives of their own choosing for collective bargaining is a fundamental

right. Plaintiffs earnestly contend that since Congress, by the passage of the National Labor Relations Act of July 5, 1935, 49 Stat. at L. 449, and the Commonwealth of Pennsylvania, by the passage of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, have recognized the right by law, the contract in dispute creates more than a private contract right.

We cannot agree with this contention. State statutes regulate the rights, duties, and obligations of private contracts. The fact that the contracts are regulated by law does not take them out of the domain of private contracts, nor does the fact that it is a fundamental right of employes to contract with reference to collective bargaining endow such contracts, when made, with a public nature. If one employe makes a single contract with his employers with reference to his hours of labor and wages, it is certainly a private contract. If 100 employes make 100 different contracts, they are all private contracts. So, if instead of making 100 or 1,000 contracts, the employes appoint an agent to contract and bargain for them, the private status of the contract is in no wise changed, especially if the employer is not engaged in any business which is affected with a public interest. So we are therefore unable to see how under any principle of law the contract in this case is anything more than a private contract regulated by the same principles of law that apply to other private contracts. That being so, the conclusion is irresistible that mandamus does not lie to enforce the duties arising from it or to prohibit its breach. Plaintiffs quote several maxims; among others, "the law always gives a remedy". The law does not always give a remedy. That was the reason for the birth of equity jurisdiction. Grotius (De Aequitate, sec. 3; I Blackstone's Commentaries Lewis' ed. p. 52) defines equity as ' "the correction of that wherein the law (by reason of its universality) is deficient" ' and according to Grotius the cases in which equity was applied were where ' "*lex*

*non exacte definit, sed arbitrio boni viri permittit.*" ' If the allegations of the petition are true, it would seem that the corporation had no right to cancel the contract and it may be that there is a remedy in equity for specific performance, but examining the matter from every angle we are forced to the conclusion that that remedy is not in mandamus. For these reasons the motion to quash must be sustained.

Now, April 22, 1938, the motion to quash the alternative writ of mandamus is hereby sustained and the writ is quashed and the petition dismissed at the cost of plaintiffs.