# Borough of Shenandoah, etc., v. City of Philadelphia, etc.

*T. C. Egan*, for plaintiff.

*Joseph P. Gaffney*, for defendant.

FLOOD, J., July 11, 1949.—The Borough of Shenandoah sued the City of Philadelphia, trustee under the will of Stephen Girard, deceased, in trespass for loss sustained by the borough in the destruction of its sewer pipes and other property under its streets and the reduction of the assessable value of certain other property in the borough. This damage allegedly resulted from the subsidence of the surface of certain territory within the borough, caused by the robbing of underlying pillars of coal left for surface support after earlier mining. This coal is owned by defendant, and it is alleged that the mining operations causing the loss were conducted under a lease from defendant and under its supervision, direction, management and control, and that it knew that its lessee was robbing pillars and was bound to foresee that this would cause the damage which resulted. The affidavit of defense denied any supervision, management or control by defendant of the mining operations, denied that the operations caused damage to plaintiff, and averred that no improper mining operations were carried on with defendant's knowledge.

Later plaintiff filed a bill of discovery, in aid of the trespass action, averring that defendant refuses to permit plaintiff to inspect the lease of the coal mining property, that this lease is indispensable to the preparation of plaintiff's case for trial and material

to the issues, that the lease has not been recorded and that plaintiff's diligent efforts to ascertain its terms have been unsuccessful. The bill asks that a full and complete disclosure of the terms of the lease be made or that a copy thereof be furnished to plaintiff.

We have before us: (1) Defendant's petition to dismiss the bill for want of jurisdiction in the court to grant discovery against a municipal corporation; and also defendant's preliminary objections to the bill raising the same objection, and also the objections that (2) plaintiff's claim in the trespass action is not bottomed upon the lease, (3) plaintiff knows the necessary facts to prove his alleged claim, and discovery is unnecessary and sought only to pry into defendant's affairs and anticipate the defense, and (4) plaintiff is guilty of laches.

1. The chancery powers of this court are limited to those conferred upon it by statute (Penn Anthracite Mining Co. v. Anthracite Miners of Pa. et al., 114 Pa. Superior Ct. 7 (1934) ; 318 Pa. 401 (1935)), subject to certain qualifications not here material: Padelford v. Real Estate-Land Title and Trust Co., 121 Pa. Superior Ct. 193 (1936). Defendant argues that the court has been granted no power to decree discovery against a municipal corporation. Defendant is no less a municipal corporation because it is acting as trustee, or acting through the board of city trusts, which is merely a piece of administrative machinery furnished by the legislature to the city to enable the city to carry out its function as trustee whenever that function has been legally bestowed upon it: Philadelphia v. Fox et al., 64 Pa. 169 (1870). But in our view of the case, we need not consider whether any immunities of the municipal corporation extend to all cases in which it acts as trustee, as well as those in

which it acts in its governmental capacity. In our opinion, the city in either capacity is subject to the power of this court to decree discovery when the equities indicate that it should be ordered.

The power of this court to decree discovery is found in section 13 of the Act of June 16, 1836, P. L. 784, 17 PS §282. That act gives this court "the power and jurisdiction of courts of chancery, so far as relates to . . . III. The discovery of facts material to a just determination of issues, and other questions arising or depending in the said courts". In view of the fact that the bill avers that the lease as to which discovery is sought is material to the issues, it would seem to ask relief which it is within the power of the court to grant. In determining this issue, we lay aside questions such as the necessity for discovery, the diligence exercised by plaintiff to discover the terms of the lease, or the validity of the trespass action, all of which go to the propriety of granting the relief sought in equity, not to the jurisdiction of the court to grant it.

Such relief may be granted not only to enable plaintiff to prepare his pleadings in the action at law, but also to enable him to gather evidence in advance where it appears with reasonable certainty that otherwise his case will not be proved or will be proved clumsily or wastefully. Peoples City Bank v. John Hancock Mutual Life Insurance Co., 353 Pa. 123 (1945). Under the allegations of this bill the court has jurisdiction to order discovery.

Section 13 of the Act of 1836, supra, also provides that the court shall "have the power and jurisdiction of courts of chancery, so far as relates to: I. The supervision and control of partnerships, and corporations other than municipal corporations".

There are six subparagraphs in this section granting equity powers to common pleas courts. The exemption

of municipal corporations appears only in this subparagraph giving the court visitatorial powers over corporations. It does not appear in the third paragraph which gives the court power to decree discovery in a proper case without limitation as to persons. Under these circumstances, we cannot follow defendant's argument that the limitation in subparagraph I relating to the visitatorial power only, can be carried into subparagraph III relating to power to order discovery. None of the cases cited by defendant so holds, and we have found no cases lending support to this contention. While we have found no decided authority against the claimed immunity, it is unnecessary to support a proposition so clear as this appears to us.

Defendant cites a dictum in Hagner v. Heyberger, 7 W. & S. 104 (1844), but that does no more than say that the injunctive power given in subparagraph V of section 13 of the Act of 1836, supra, cannot be interpreted to give the court visitatorial powers over municipal corporations withheld by subparagraph I. What is sought in the case at bar is in no sense supervision over the municipal corporation's affairs. In fact, it appears to us that the dictum in the Hagner case is authority against defendant, laying down as it does the proposition that subparagraph V, which does not mention municipal corporations, nevertheless may be applied to them in a proper case. By the same token, subparagraph III also should be held to be applicable to municipal corporations.

Defendant argues from holdings in other jurisdictions that discovery is not allowable against a municipal corporation under a general statute allowing discovery, when municipal corporations are not specifically mentioned therein, citing 27 C. J. S. 114, §77, and cases from New York and Massachusetts. These

cases, however, are not persuasive, since they are based upon different statutes. Most, if not all of these cases were construing statutes which allowed discovery against "corporations" and held that this meant private corporations and not municipal corporations. Such construction seems to us inadmissible under our statute where the right to order discovery is general without limitation or specification as to persons.

2. Defendant further objects that plaintiff's cause of action in the trespass suit is based upon defendant's negligence and not upon the lease.

It is true that a bill of discovery in aid of an action at law is confined within the limits of the law action: Holland v. Hallahan, 211 Pa. 223, 226 (1905) ; cf. O'Brien et al. v. O'Brien, 362 Pa. 66 (1949). But we do not agree on the facts set forth in these pleadings, that defendant's asserted negligence is independent of the lease. It may or may not be, and we cannot sustain preliminary objections in a doubtful case: Kolody-chak v. Donora School District, 14 D. & C. 583 (1930). The terms of the lease may or may not give defendant such rights of supervision or control over the leased property as would make it responsible for injury to third parties due to the manner of operation. The lease may or may not grant rights whose very exercise would likely injure third parties. In either situation other factors would probably be very important in determining defendant's liability or nonliability in tort. But one of the most important factors in determining that liability could well be the language of the lease. Since we cannot say that the lease is not important to the proof of defendant's alleged negligence, we cannot sustain the objections on this ground.

3. What we have just said goes a long way to answer defendant's next objection that the bill should

be disallowed as unnecessary for the proof of plaintiff's cause of action, and a mere attempt to pry into defendant's affairs and anticipate its defense.

In addition to what we have said above, we should point out that the authority of such cases as Pension Mutual Life Insurance Co. v. Whiteley et al., 261 Pa. 310 (1918), is considerably modified by the language of the Supreme Court in Peoples City Bank v. John Hancock Mutual Life Insurance Co., supra. The Whiteley case seems to limit discovery to the ascertainment of facts necessary to prepare the pleadings. The court said that discovery was not needed "because the statement of claim had been filed and all the information necessary to do so seems to have been within the knowledge of the plaintiff". The language of the John Hancock case is quite different: "At times, cases will not be proved, or will be proved clumsily or wastefully, if the litigant is not permitted to gather his evidence in advance. When this necessity is made out with reasonable certainty, a bill in equity is maintainable to give him what he needs."

We think there is enough in this bill and the statement of claim to make out with reasonable certainty the necessity of discovery as to this lease in order to prevent a clumsy, rather than an efficient, presentation of plaintiff's case, and the waste of time at the trial which always occurs when a document is then produced for the first time and counsel for the opposite party must take time out to study it while judge and jury, parties and witnesses twiddle their fingers.

The John Hancock decision puts definite limitations on the court's discretion to grant discovery, but those limits are not approached in this case.

4. The bill is barred neither by any statute of limitations nor by analogy to any statute that has been

called to our attention. It does not appear to us that it will delay the trial, nor prejudice defendant by any delay caused by it. Nor does it appear that defendant has changed his position to his detriment because of any such delay. Plaintiff is not barred by laches.

Defendant's petition to dismiss the bill and his preliminary objections are overruled. Defendant may file an answer to the merits within 15 days.